**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:26-CV-00515-JRG |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S RULE 12(B)(6) PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 3

A. Touchstream Fails to Plausibly Allege Pre-Suit Willful Infringement and Induced Infringement ..... 3

B. Touchstream Fails to Plausibly Allege "Active Steps" Required for Both Pre-Suit and Post-Suit Induced Infringement ..... 5

IV. CONCLUSION ..... 7

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3

*Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468 (D. Del. 2021) .......... 3, 4

*BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769 (W.D. Tex. 2022) .......... 4

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) .......... 1, 3

*Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) .......... 1, 3, 4, 5

*Empire Tech. Dev. LLC v. Samsung Elecs. Co.*, No. 2:23-cv-00427-JRG-RSP, 2025 WL 1732945 (E.D. Tex. June 10, 2025) .......... 3, 4

*Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954 (C.D. Cal. 2023) .......... 4

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580 (2026) .......... 2, 5, 6, 7

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) .......... 6, 7

*Phenix Longhorn LLC v. AU Optronics Corp.*, No. 2:23-CV-00477-RWS-RSP, 2026 WL 146683 (E.D. Tex. Jan. 5, 2026), *report and recommendation adopted,* No. 2:23-CV-00477-RWS-RSP, 2026 WL 120405 (E.D. Tex. Jan. 15, 2026) .......... 3, 4

*Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1181 (2025) .......... 1, 3, 5

### Statutes

35 U.S.C. § 271(b) .......... 5

### Other Authorities

Fed. R. Civ. P. 12(b)(6) .......... 1

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Touchstream Technologies, Inc.'s ("Touchstream") claims of pre-suit willful infringement and both pre-suit and post-suit induced infringement of United States Patent Nos. 8,356,251, 11,048,751, 8,904,289, and 11,475,062 (collectively, the "Asserted Patents"). Each fails as a matter of law and should be dismissed.

*First*, Touchstream's allegations of Samsung's pre-suit knowledge fail to meet the legal standard. In particular, it is well settled that willful infringement and induced infringement each require two distinct showings: knowledge of the asserted patent ***and*** knowledge of the alleged infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639–42 (2015); *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 955–56 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1181 (2025) (reversing willfulness verdict where the defendant undisputedly knew of the asserted patents but "[t]here [wa]s no evidence [it] knew of its alleged infringement").

Accordingly, even assuming Samsung had knowledge of the patents (i.e., the first prong), Touchstream pleads no facts to plausibly allege knowledge of the alleged infringement (i.e., the required second prong). Indeed, the sum total of all that Touchstream can muster is to nakedly allege that "on information and belief," Samsung "knew that their products were infringing." Compl. ¶ 131. This conclusory pleading is insufficient. *See, e.g.*, *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at *3 (E.D. Tex. Dec. 4, 2024) (granting motion to dismiss where "Plaintiff's pre-suit letter did not identify the asserted patents, did not identify the asserted patents' owner, and did not claim or allege that Defendant was infringing"). Importantly, there is no allegation, for example, that Touchstream ever told Samsung that any of its products infringed the Asserted Patents, much less identified any allegedly infringing

functionality of the accused Samsung products, before the Complaint was filed. This failure is therefore fatal to Touchstream's claims of pre-suit willful infringement and induced infringement.

*Second*, Touchstream's claims of induced infringement, both pre-suit and post-suit, fail for the further reason that Touchstream does not plead the "active steps" required under the recent Supreme Court case of *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580 (2026). Instead, Touchstream's allegations amount to nothing more than ordinary commercial acts that are incident to product distribution.

## II. BACKGROUND

On June 26, 2026, Touchstream filed its Complaint against Samsung, asserting that certain Samsung television and speaker functionalities infringed the Asserted Patents. Compl. ¶¶ 47, 72. Pertinent to this motion, under the heading "Defendants' Knowledge of Touchstream's Patents," Touchstream pleads that Samsung had pre-suit knowledge of the Asserted Patents. *Id.* ¶¶ 105–130. For example, Touchstream alleges that, "in 2026," it attempted to contact Samsung "regarding licensing via certified mail and emails that identified the Asserted Patents numbers." *Id.* ¶ 130. Independent of any alleged pre-suit knowledge of the Asserted Patents, however, the Complaint includes no factual allegations regarding pre-suit knowledge ***of the alleged infringement***. At best, Touchstream alleges that "on information and belief, Defendants . . . knew that their products were infringing." *Id.* ¶ 131. There are no allegations, for example, that Touchstream ever stated that Samsung infringed and/or identified any infringing products or services before filing suit.

The Complaint's allegations regarding Samsung's purported induced infringement are also lacking. The Complaint merely alleges that Samsung "advertises and demonstrates to customers" how to perform the claimed methods and that Samsung thereby "actively encourages its subsidiaries, vendors, and/or customers to infringe." *Id.* ¶¶ 65, 82, 139, 145, 151, 157. There are no allegations in the Complaint that Samsung takes any steps designed to stimulate infringement.

## III. ARGUMENT

### A. Touchstream Fails to Plausibly Allege Pre-Suit Willful Infringement and Induced Infringement

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Willful infringement and induced infringement each require two distinct showings: knowledge of the asserted patent ***and*** knowledge of the alleged infringement. *See Commil*, 575 U.S. at 639–42; *Provisur*, 119 F.4th at 955–56 (reversing willfulness verdict where the defendant undisputedly knew of the asserted patents but "[t]here [wa]s no evidence [it] knew of its alleged infringement").

This Court has dismissed pre-suit willful and indirect infringement allegations where, among other deficiencies, the patentee's pre-suit letter "did not claim or allege that [d]efendant was infringing." *Dialect*, 2024 WL 4980794, at *3 (citing *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 478, 490–91 (D. Del. 2021) (finding that the patentee's alleged notice letter was insufficient where it did not identify any information as to how the asserted patents were allegedly infringed)). The Court explained that these theories "each require a level of knowledge that is not present in an allegation of direct infringement." *Id.* at *4.

Likewise, in *Phenix Longhorn LLC v. AU Optronics Corp.*, another court in this District concluded that the absence of pre-suit notice of alleged infringement was fatal to the patentee's pre-suit induced infringement and willfulness claims. No. 2:23-CV-00477-RWS-RSP, 2026 WL 146683, at *7–8, *10 (E.D. Tex. Jan. 5, 2026), *report and recommendation adopted*, No. 2:23-CV-00477-RWS-RSP, 2026 WL 120405 (E.D. Tex. Jan. 15, 2026). The *Phenix* court came to that conclusion even though the record included pre-suit communications that referenced the asserted patents. *Id.* Similarly, in *Empire Technology Development LLC v. Samsung Electronics Co.*, this

Court granted summary judgment of no pre-suit willful infringement because "[w]ithout ever identifying an allegedly infringing product, or even class of product," the patentee could not establish deliberate or intentional infringement before suit. No. 2:23-cv-00427-JRG-RSP, 2025 WL 1732945, at *2 (E.D. Tex. June 10, 2025) (report and recommendation).[1]

Indeed, courts outside this District have consistently held the same. For example, in *Bench Walk*, cited by this Court in *Dialect*, the patentee's alleged notice letter was insufficient where it did not identify most of the accused products and did not identify any information as to how the asserted patents were allegedly infringed. 530 F. Supp. 3d at 490–91. In *BillJCo, LLC v. Apple Inc.*, the court dismissed pre-suit willful and indirect infringement claims where the complaint did not allege that the patentee's pre-suit letter "notified Apple that it infringed the Asserted Patents or identified Apple products accused of infringement." 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022). *See also Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 965 (C.D. Cal. 2023) (a letter that did not "identify any accused products in conjunction with any specific patent" did not "plausibly demonstrate knowledge of infringement").

Here, the Complaint focuses exclusively on the first prong, alleging facts related to Samsung's alleged pre-suit knowledge of the Asserted Patents, but fails to plead any facts related to the second prong, much less facts sufficient to make a plausible inference that Samsung had pre-suit notice of the alleged infringement. In fact, Touchstream's only alleged pre-suit communication is a 2026 attempt "to contact Defendants regarding licensing via certified mail and emails that identified the Asserted Patents numbers." Compl. ¶ 130. The Complaint does not, for example, allege that any such communication accused Samsung of infringement, identified an

---

[1] Although *Phenix* and *Empire* were summary judgment decisions, the courts' reasoning is nonetheless applicable here because even accepting Touchstream's allegations as true, Touchstream fails to adequately plead that Samsung was aware of the alleged infringement.

accused product or functionality, or mapped any claim to any Samsung product. Touchstream merely alleges that "on information and belief, Defendants . . . knew that their products were infringing." *Id.* ¶ 131. These omissions are fatal to Touchstream's pre-suit claims. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim." *Dialect*, 2024 WL 4980794, at *1 (citation omitted). Moreover, it is not enough to plead that Samsung had pre-suit knowledge of the Asserted Patents, as knowledge of the asserted patents is separate and independent from the required knowledge of the alleged infringement. *See Provisur*, 119 F.4th at 956 (knowledge of the asserted patents is "necessary, but not sufficient"; the question is whether the defendant "knew of its alleged infringement and had a specific intent to infringe").

Accordingly, as the Complaint fails to plausibly allege pre-suit knowledge of the alleged infringement, Touchstream's pre-suit willful and induced infringement claims should be dismissed.

### B. Touchstream Fails to Plausibly Allege "Active Steps" Required for Both Pre-Suit and Post-Suit Induced Infringement

The entirety of Touchstream's induced infringement claim also independently fails because Touchstream has not plausibly alleged that Samsung took active steps to encourage infringement of the Asserted Patents as required under 35 U.S.C. § 271(b). Recently, the Supreme Court in *Hikma* clarified that the "active steps" requirement of induced infringement demands acts "*designed* to stimulate others" to infringe. 608 U.S. at 591 (emphasis in original). Mere acts that "*could* stimulate others" to infringe do not suffice. *Id.* Critically, *Hikma* held that "ordinary acts incident to product distribution" are not "active steps" and that a defendant who "merely sells a

commercial product suitable for some lawful use" does not induce infringement. *Id.* at 590–94. Moreover, the Court stated that a plaintiff "may not rely on 'mere omissions, inactions, or nonfeasance' to allege active inducement" and instead emphasized that the requirement is for "*affirmative* 'statements or actions' precisely to avoid 'trenching on regular commerce' . . . ." *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005)).

The allegations in the Complaint related to induced infringement fail to meet this standard. Specifically, for the accused Samsung TV functionalities, Touchstream alleges that (i) "Samsung tests and demonstrates the accused functionality, including in advertisements," (ii) "Samsung advertises and demonstrates to customers, and directs to Tizen operating system developers, that the infringing method steps will be performed," and (iii) "Samsung causes automatic updates to the Tizen operating system." Compl. ¶ 65. The Complaint pleads similar allegations for the accused speaker devices with the difference being that Samsung also "directs to users" of the speaker devices that the infringing method steps will be performed. *Id.* ¶ 82.

However, these allegations are precisely the examples of "ordinary acts incident to product distribution" that do not constitute inducement. *Hikma*, 608 U.S. at 590–94. Testing products to ensure they work properly, advertising features, and offering technical support by way of system updates are the routine acts of technology companies like Samsung that are engaged in "regular commerce" ensuring customers have the support they need to use their products. These are not "active steps" *designed* to stimulate patent infringement. *Id.* Indeed, the more plausible inference is that these same acts pre-dated any knowledge of the Asserted Patents and so cannot magically become the required "active steps" simply with knowledge.

Moreover, the relevant allegations in the Complaint bear no resemblance to the conduct the Supreme Court has identified as sufficient to constitute "active steps" and further underscore

why Touchstream's allegations fail as a matter of law. The Supreme Court has identified various affirmative acts that constitute active inducement, including (i) "sen[ding] users a newsletter promoting its ability to provide particular, popular copyrighted materials," (ii) placing "ads urging the adoption of its [infringing] program, which was designed, as its name implied, to invite the custom of patrons of [plaintiff]," and (iii) "responding affirmatively to requests for help in locating and playing copyrighted materials." *Hikma*, 608 U.S. at 591. These overt acts to persuade another to engage in copyright infringement are the "purposeful, culpable expression and conduct" that are affirmatively directed at encouraging infringement. *Id.* at 592 (quoting *Grokster*, 545 U.S. at 937). Touchstream's bare allegations that Samsung advertises the accused functionalities and provides technical support via Tizen updates are not analogous to these affirmative acts and do not satisfy *Hikma*. Accordingly, the Court should dismiss Touchstream's pre-suit and post-suit inducement claims.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Motion and dismiss Touchstream's claims of pre-suit willful infringement and pre-suit and post-suit induced infringement.

Dated: November 17, 2026

Respectfully submitted

By: /s/ Patrick C. Reidy

Patrick C. Reidy
Patrick.Reidy@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
300 N. LaSalle Drive, Suite 3500
Chicago, IL 60654-3406
Telephone: (312) 5832424
Fax: (312) 583-2360

Jin-Suk Park
jin.park@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Defendants SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Patrick C. Riedy*
Patrick C. Reidy